concurring in part and dissenting in part:
¶ 44. I agree with remanding this case to the Oil and Gas Board on procedural grounds. But because the majority finds no substantive fault with amended Rule 68, I respectfully concur in part and dissent in part.
¶ 45. When operators drill for oil and gas, the well produces naturally occurring radioactive material (“NORM”). The operators must dispose of this radioactive material by hauling it off to a disposal site, or disposing of it on site, and one method of onsite disposal is to blend the radioactive material with the soil around the well head. This method is known as surface and subsurface landspreading.
¶46. Well operators either own the land where the well is located, or they do not. If they do, Amended Rule 68 allows them to landspread on them land, wherever they please. But the rule would allow *73 operators operating under a lease to landspread “at the site of origin, limited to that portion of the surface of land reasonably necessary, excluding lease roads, used for the conduct of producing operations of a well.” For two reasons, this proposed rule is flawed.
¶ 47. First, for wells operated on leased property, the rule should limit landspread-ing to property covered under a lease that allows landspreading. Other states follow this common-sense approach.[10] The broad language of the proposed rule would allow landspreading on property that is not covered under the lease, and whose owner never agreed to landspreading. This appears to me to be a taking of the owner’s property without compensation. Indeed, the current rule would allow landspreading on lands adjacent to the leased property and owned by persons not involved at all in the lease transaction.
¶48. Second, Amended Rule 68 states that landspreading is permitted when “reasonably necessary” but offers no definition, guidelines, or explanation of what “reasonably necessary” means. We were informed at oral argument that operators always have the option to haul the radioactive material to a remote disposal site. So, unless the “reasonable” modifier relates to cost to the operator, one could conclude that — while it might be convenient to dispose of the radioactive material onsite — it never would be reasonably necessary to do so.
¶ 49. In my view, the rule should provide some limiting language to address these concerns. Because it does not, I respectfully concur in part and dissent in part.
RANDOLPH, P.J., AND CHANDLER, J„ JOIN THIS OPINION.

. See 16 Tex. Admin. Code § 4.614(b) ("No person may dispose of oil and gas NORM waste at a lease or unit other than the lease or unit where the oil and gas NORM waste was generated unless prior to commencement of disposal operations, the surface owner of the lease or unit where the disposal occurs provides written consent for the disposal.”).